Dykman J.
This is an action for negligence in winch, the plaintiff has obtained a judgment from which the defendant has appealed, but there is no appeal from an order denying the motion for a new trial. Our examination of the case is therefore confined to questions of law, and as there was no exception to the charge on the part of the defendant, and no error committed in the reception or exclusion of testimony, the motion for a non-suit presents the only question for our review on this appeal.
The plaintiff was in the service of the defendant in the capacity of brakeman, and sustained his injuries while passing through a tunnel on the railroad. The tunnel is seven eighths of a mile in length, and was originally about twenty feet in height, through its entire length ; but about seven years ago, a sustaining arch of brick was inserted, commencing about two hundred feet south of the north portal of the tunnel, and extending south about eighty-five feet.
That arch was about three feet in thickness, and so depressed the top of the tunnel, and left three feet less of head room or space between the top of a car and the top of the passage way. Pendant from a rod extending across the track on the north end of the tunnel were narrow strips of metal, called telltales or ticklers. They hung down a few inches lower than the obstruction caused by the arch in the tunnel, and were designed as a warning of the approach to the tunnel, and of the dangers incident to a passage through the same. Similar telltales were placed on each side of all the bridges and tunnels on the defendant’s road.
The plaintiff was riding on the top of a freight car, and was sitting on the front portion as he entered the north portal. It was a box car, and he was seated on what is designated as the running board. He saw the telltales outside of the north portal, but remembered nothing further of the accident, and there was no direct proof of the manner in which he received his injuries. He was found on the track in the tunnel between two and three hundred feet south of the south end of the brick arch. His ankle was crushed, and there was a small cut on his head, and he was unconscious, and remained so for many days.
The plaintiff testified that he had no knowledge of the brick arch in the tunnel, and had not been informed that the bridges and tunnels were too low to admit the passage of men on the tops of the cars, and that in approaching the tunnel, it looks as though you could stand up without any trouble and go through.
He further testified, that the telltales were an indication to him that the was approaching the tunnel, and that he did not know *66 what warning they were intended to convey farther than that, or what the object was of giving notice of such approach.
It cannot therefore be said that the plain tiff had knowledge of the character of the structure from which he received his injuries, if they were' sustained by contact with the brick arch in the tunnel, and that was a question of fact for the jury.
The case is not therefore controlled by the cases which hold that the servant who accepts a service assumes the risks and perils inciden t to the use of the property and structures of the defendant so far as they are apparent, for the reason that the brick arch was not apparent from an external view, and there was no proof that the plaintiff saw it or had notice of its existence.
It cannot therefore be said that there was no evidence to ¡submit to the jury, on the contrary, it was the peculiar province ;of the jury to make suitable inferences and deductions from the •testimony and surrounding circumstances, respecting the manner of the infliction of the plaintiff’s injuries, and respecting .the negligence of the defendant in the construction of the arch, ■or the operation of its road after it was built, or its failure to ■give warning and caution to its servants respecting its existence, .and the danger it entailed, and all these questions were sub.mitted to the jury with suitable and proper instructions.
We cannot therefore find that there was no testimony to submit to the jury, or that the verdict is unsupported by the «evidence.
The judgment should therefore be affirmed with costs.
B ANN AND P. J., and Pbatt J. concur.